EVE M. FEBLOT, Respondent, *v.* NEW YORK TIMES COMPANY, Appellant, et al., Defendant.

First Department, June 20, 1972.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *Daniel J. Coughlin,* attorney), for appellant.

*Robert Long* of counsel (*Jack J. Albert* with him on the brief; *Long & Albert,* attorneys), for respondent.

CAPOZZOLI, J. The court is unanimous in its determination that the doctrine of *res ipsa loquitur* is applicable to this case and, therefore, we will discuss only the arguments advanced in the dissent.

The dissent contends that the trial court erred in refusing to admit into evidence a certain paper, claimed to be a report of the accident, written out by the witness, Zaccor, after a conversation with a fellow employee, one, Paul Griffin. Paul Griffin was not produced by the defendant at the trial and his address is claimed to be unknown to the defendant. It is conceded Zaccor did not see the accident.

It is clear from the record of this trial that the paper does not qualify as a record made and kept in the regular course of business, as contemplated by CPLR 4518 (subd. [a]). After having asked the witness, Zaccor, the question as to whether this paper was kept in the regular course of business, to which there was no answer, trial counsel for the defendant made no further effort in this regard and, as a result, there was a complete failure to establish the necessary foundation, as required by the section. Its exclusion was proper.

The dissent further urges that, if it is concluded that the record was not kept in the regular course of business, then its contents are admissible because the plaintiff opened the door by her cross-examination, thereby giving the right to the defendant, on redirect examination, to bring out all of the contents of the writing. We disagree.

At page 194 in the record there appears the following testimony of Zaccor, given in answer to the questions of defense counsel:

"Q. Now, sir, did you have one Paul Griffin work for the New York Times back in 1964? A. Yes, we did.

"Q. And is he in your employ today? A. No, he's not.

"Q. Can you tell us when he left your employ? A. He left the Times in October of 1966.

"Q. Do you know his present whereabouts? A. No, I don't.

"Q. Back in June of 1964, was an incident reported to you concerning an elevator and one Eve Marie Feblot? A. Yes. * * *

"Q. What was the nature of the report, sir? A. It was an oral report given to me one morning by the receptionist on the fourteenth floor, who at that time was Paul Griffin, to the effect that a woman was injured entering one of the elevator cars the previous afternoon or evening."

The general rule as to cross-examination provides that it should be limited to matters brought out on direct examination, except where the cross-examiner seeks to inquire as to subjects not brought out on direct examination, in which case he may make the witness his own. A plaintiff whose witness has been cross-examined is entitled to conduct a redirect examination of the witness and such redirect is confined to those matters which were brought out on cross-examination, so as to allow the witness an opportunity of explaining any new facts which were brought out.

None of the questions asked on cross-examination were addressed to what the missing employee, Griffin, was supposed to have seen of the accident. In fact, there is no indication that Griffin had witnessed the accident, except for the offer of proof by counsel for defendant, at page 208, where the following appears:

"The Court: You might state for the record Mr. Coughlin, what the witness would testify to as to what the rest of that conversation would have been.

"Mr. Coughlin: The witness would testify that, 'She was in conversation with Mr. Paul Griffin, the receptionist in the elevator lobby, and as the door of the car started to close automatically, she tried to enter and caught her right shoulder between the door and the jamb.

"She jumped out of the elevator doorway and the car door reopened.'".

The cross-examination of the witness, Zaccor, by plaintiff's counsel was well within the limits set by the answers which he made on direct examination. None of the questions on cross-examination were addressed to what the missing employee, Griffin, was supposed to have seen of the accident.

In this connection it should be recalled that the record shows that the plaintiff was alone when the accident happened and Griffin came to the scene following her exclamation of pain.

To contend that the door was opened by plaintiff's counsel so as to make admissible the hearsay statement of the missing Griffin is to be indifferent to the realities of the situation. Zaccor was asked to give the conversation between him and Griffin concerning what the plaintiff said to Griffin about her accident. Plaintiff's counsel never inquired as to whether Griffin was an eyewitness to the accident, much less as to what he claimed to have seen. This was never raised, and to argue that plaintiff's counsel opened the door to admit clearly prejudicial hearsay is to misread the record. The natural result of such improper procedure would be to prejudice the plaintiff before the jury by illegal evidence. (*People v. Cascone,* 185 N. Y. 317.)

The case of *People* v. *Jelke* (1 N Y 2d 321) cited in the dissent, is inapplicable to the case at bar. In that case, the court specifically held (p. 337) that the defendant's counsel introduced the subject "by referring to an autobiographical declaration that defendant said not a word during a night club conversation in which she charged that Ray Russell - Davioni urged her to engage in prostitution. Upon redirect examination, the prosecutor called her attention to other portions of her life story as told to other papers or magazines in which she had said the opposite. By referring to this material upon cross-examination, defense counsel opened the door to what occurred upon the redirect examination."

As to the case of *People* v. *Regina* (19 N Y 2d 65) that, too, is clearly distinguishable. In that case defendant's counsel had brought out, on cross-examination, from the People's witness, that the witness had made no written note of the fact that he had seen the defendant riding as a passenger in an automobile on the night of the crime. On redirect examination it was perfectly proper for the People to show that, while the witness had made no note on that night, he did make such a note three days later. If this had not been allowed defendant's counsel could well have argued before the jury that the

witness had made no notation of what he claimed to have seen and it was only fair that the jury know that, while he did not make such a note on the night of his observations, he did so three days later. Certainly the cross-examination by defendant first opened up the subject.

As to the contention that the verdict returned in favor of the plaintiff was grossly excessive, suffice it to say that the record presented fair questions of fact for the jury and we see no reason why we should interfere in the result reached.

In accordance with the foregoing, the judgment herein should be affirmed, with costs and disbursements to plaintiff-respondent.

McNALLY, J. (dissenting). The written accident report filed by Zaccor was a report made by Zaccor in the regular course of his employment as the safety co-ordinator of the *Times* and it was also the report kept by the *Times* in the regular course of business and the same was admissible in evidence under CPLR 4518 (subd. [a]). (*Kelly* v. *Wasserman,* 5 N Y 2d 425; *Bromberg* v. *City of New York,* 25 A D 2d 885; *Chemical Leaman Tank Lines* v. *Stevens,* 21 A D 2d 556; *Bishin* v. *New York Cent. R. R. Co.,* 20 A D 2d 921; *Zaulich* v. *Tompkins Sq. Co.,* 10 A D 2d 492, 496.) If it be assumed the record was not kept in the regular course of business, it is a case where the rule respecting opening of the door to the full development on redirect examination of a matter inquired into on cross-examination clearly should be applied.

In *People* v. *Regina* (19 N Y 2d 65) a detective called by the People testified on direct examination that on the night that the crime was committed he saw the defendant riding as a passenger in an automobile, after the defendant's wife had previously testified that her husband was home that night. On cross-examination, the defendant's counsel asked the witness if he had made any notes of the occurrence "that night", and he replied in the negative. On redirect examination the People were allowed to establish, over the objection of the defendant, that the witness had made notes of the occurrence three days later. In upholding the ruling of the Trial Justice allowing this evidence to be introduced on redirect examination, the Court of Appeals stated (p. 78): "the prosecution's question on redirect examination was properly within the scope of matters gone into on cross-examination and did no more than to explain, clarify and fully elicit a question only partially examined by the defense. It was entirely proper

232

(*People* v. *Buchanan*, 145 N. Y. 1, 23, 24; Richardson, Evidence [9th ed.], § 531)."

It is no answer to the offer of proof made on this ground by *Times* to state, as the court did, "that the initial questions as to conversations with Mr. Griffin were put" by counsel for *Times* since, under recognized rules of cross-examination, unless he called him as his own witness, counsel for the plaintiff would not even have been able to question Zaccor about Griffin's report had the matter not been mentioned on his direct examination. The point at issue is not whether *Times* first raised the matter but whether the plaintiff's attorney in his cross-examination of Zaccor far exceeded the limits of proper cross-examination in bringing out further matters, which were not mentioned on direct examination. These matters created a wholly false picture in the minds of the jury concerning the content of the oral report of the accident which Zaccor had received from Griffin. The *Times* clearly should have been afforded an opportunity to present the whole picture to the jury. As the evidence stood, the jury had every right to believe that everything that Griffin told Zaccor concerning the accident fully corroborated the story of the occurrence told by Miss Feblot at the trial. Under these circumstances, it is my opinion that the exclusion from evidence of defendant's Exhibit B for identification constituted prejudicial error.

Further, there is no credible testimony to connect plaintiff's alleged condition with the accident and in any event the verdict is grossly excessive. Plaintiff was 63 years of age at the time the accident occurred. She had no hospitalization. Dr. Robert L. Preston, the only medical witness called at the trial, saw her only twice, to wit, on March 10, 1965, nearly a year after the accident, and again in August, 1969. Although he claimed on direct examination that the middle third of the deltoid muscle in Miss Feblot's right shoulder was "ruptured away from the bony attachment at the shoulder", on cross-examination he admitted, "Well, it may be, it may be ruptured or it may not be ruptured". He was then asked, "so * * * you didn't know, is that right", and he replied in the affirmative. Although he had previously testified that Miss Feblot had a limitation of motion in her right shoulder when he first saw her on March 10, 1965, on cross-examination he admitted that he was also in "error" about this and that he did not find any limitation of motion in the right shoulder "until the next examination", which was in August, 1969, over five years after the date of the accident herein. The

plaintiff has admitted suffering from bursitis of the right shoulder prior to the accident. Medical testimony in the case indicates atrophy of the right shoulder is incidental to disuse and could be brought about by bursitis. There is no showing of proximate cause and the most that can be said is the testimony is highly speculative.

There was no proof of loss of earnings and no proof of medical expenses. In view of the prejudicial error, I feel that the judgment appealed from should be reversed and a new trial granted.

Stevens, P. J., and McGivern, J., concur with Capozzoli, J.; McNally, J., dissents in opinion, in which Steuer, J., concurs.

Judgment, Supreme Court, New York County, entered on October 27, 1971, affirmed. Plaintiff-respondent shall recover of defendant-appellant $50 costs and disbursements of this appeal.